# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BEVERLY MARTIN,

Appellant,

v.

UNITED STATES POSTAL SERVICE,

Agency.

DOCKET NUMBER
SF-0752-17-0412-I-1

DATE: February 2, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Beverly Martin</u>, Medford, Oregon, pro se.

<u>Trever Cox-Neuroth</u>, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant retired from the EAS-25 Human Resources Business Data and Systems Analyst position[2] effective May 29, 2015. Initial Appeal File (IAF), Tab 1. On July 20, 2015, the appellant filed a formal equal employment opportunity (EEO) complaint alleging that her retirement was involuntary. IAF, Tab 4 at 21. On February 23, 2017, the Equal Employment Opportunity Commission issued an order dismissing the appellant's request for a hearing and indicating that the agency should process the complaint in accordance with the procedures for mixed-case complaints, i.e., complaints involving matters appealable to the Board, and should issue a final agency decision (FAD). IAF, Tab 10 at 38-39. There is no evidence that the agency issued a FAD, and, on May 3, 2017, the appellant timely filed this appeal because more than 120 days had elapsed since she filed her formal EEO compliant without the agency issuing a FAD. IAF, Tab 1, Tab 10 at 38-39; *see* 29 C.F.R. § 1614.302(d)(1)(i).

¶3      At the Board, the appellant timely initiated discovery, and by the agency's admission, its responses were due on June 8, 2017. IAF, Tab 19 at 4. The agency moved for an extension of time to respond to the appellant's interrogatories and requests of production of documents. *Id*. The administrative judge denied the agency's request, IAF, Tab 20, and, when the agency failed to respond to the appellant's discovery requests, she filed a motion to compel, IAF, Tab 22. The agency moved for another extension of time to respond to the appellant's discovery requests. IAF, Tab 23. The administrative judge granted the agency's

---

[2] The appellant was employed at the Postal Service Headquarters facility in Washington, D.C. However, at the time that she retired, the agency was allowing the appellant, for her convenience, to reside in Medford, Oregon, while still maintaining her status as an employee at the agency's Headquarters in Washington, D.C. Initial Appeal File, Tab 4 at 6.

motion, affording it until July 10, 2017, to respond to the appellant's discovery requests.  IAF, Tab 25.  Notwithstanding this order, the administrative judge issued the initial decision dismissing the appellant's appeal on June 27, 2017, nearly 2 weeks before the agency's responses to discovery were due.  IAF, Tab 27.

¶4      In her petition for review, the appellant states that she consulted the Board's regional office and was left with the understanding that she would have the opportunity to complete discovery and to present all of her evidence at a hearing. Petition for Review (PFR) File, Tab 5 at 6.

## ANALYSIS

¶5      An administrative judge's rulings regarding discovery matters are subject to an abuse of discretion standard.  *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  The rules governing discovery in Board proceedings are set out in the Board's regulations at 5 C.F.R. §§ 1201.71-.75.  These regulations require that "[d]iscovery must be completed within the time period designated by the judge . . . ."  5 C.F.R. § 1201.73(d)(4).  Initial discovery requests must be served within 30 days of the administrative judge ordering the agency to produce its file and response.  5 C.F.R. § 1201.73(d)(1).  A party must respond to a discovery request within 20 days.  5 C.F.R. § 1201.73(d)(2).  Generally, any discovery requests following the initial discovery request must be served within 10 days of service of the response.  *Id.*  If a party serves objections to a discovery request or if the responding party does not timely respond to the discovery request, the requesting party has 10 days to file a motion to compel discovery.  5 C.F.R. § 1201.73(d)(3).

¶6      In the acknowledgment order, the administrative judge set the time frame for discovery consistent with the provisions of the Board's regulations, indicating that initial discovery requests must be served within 30 days of May 5, 2017, and

the opposing party's responses to discovery must be served no later than 20 days after the date of service of the discovery request. IAF, Tab 2. Here, as noted, the discovery period was extended until July 10, 2017, and the administrative judge issued the initial decision on June 27, 2017. As the agency's response to the appellant's discovery request could have been filed on the last day provided for such a response, issuing the initial decision prior to the close of discovery effectively denied the appellant the opportunity to contest the agency's objections, to follow up with requests for further discoverable material based upon the agency's initial response, or to file a motion to compel. It also denied her the opportunity to submit into the record evidence obtained during discovery.

¶7        As the party bearing the burden of proof on the claim that her retirement was involuntary, the appellant is entitled to obtain evidence to support her claim. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 26 (2012). By issuing the initial decision prior to completing discovery, the administrative judge deprived the appellant of the opportunity to submit additional relevant evidence that she had obtained during the discovery process. *See Lynch v. Department of Defense*, 114 M.S.P.R. 219, ¶ 11 (2010). Thus, we find it necessary to remand the appeal for further adjudication.

## ORDER

¶8        Accordingly, we remand this appeal for further adjudication and a new initial decision consistent with this Remand Order. In so remanding, we make no finding on whether the appellant has made a nonfrivolous allegation that her retirement was involuntary, entitling her to a hearing. *See Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016) (finding that in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence). Rather, we remand because the appellant has not had a full and fair opportunity to obtain evidence in support of her claim

that the agency forced her retirement. Based on the record as currently developed, we cannot say that the appellant's discovery requests would not have led to relevant admissible evidence concerning the appellant's allegations of involuntary retirement.


FOR THE BOARD:                              _____/s/ for_____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.